# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| DONALD L. BOSS, JR., | |
| Petitioner, | No. C11-4014-MWB |
| vs. | **REPORT AND** |
| NICK LUDWICK, | **RECOMMENDATION** |
| Respondent. | |

## I.  INTRODUCTION

This matter is before the court on the petitioner's motion to stay proceedings (Doc. No. 29 filed on December 15, 2011.  The respondent filed a resistance on December 29, 2011.  Doc. No. 30.  The petitioner did not file a reply.  On January 20, 2012, the court held a telephonic hearing on the motion.  Rockne Cole appeared on behalf of the petitioner.  Assistant Attorney General Richard Bennett appeared on behalf of the respondent.  This matter is now fully submitted.

## II.  BACKGROUND

On December 12, 2002, the petitioner was convicted of first degree murder, in violation of Iowa Code section 707.2.  *See State v. Boss*, No. FECR010276 (Plymouth County Dist. Ct. 2002).[1]  On December 16, 2002, the Iowa District Court for Plymouth County sentenced the petitioner to life imprisonment without the possibility of parole.  *Id*. The petitioner appealed.  *Id*.  On January 28, 2004, the Iowa Court of Appeals affirmed

---

[1] Iowa state court criminal and civil records may be accessed at the following address: http://www.iowacourts.gov/Online_Court_Services/.  *See Stutzka v. McCarville*, 420 F.3d 757, 760-61 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

the petitioner's conviction. *See State v. Boss*, No. 03-0092, 2004 Iowa App. LEXIS 130 (Iowa Ct. App. 2004). The petitioner filed an application for further review on February 26, 2004, but the Iowa Supreme Court denied the application on April 23, 2004. *Id*. The petitioner's direct appeal became final on April 28, 2004, that is, the date when procedendo issued. Doc. No. 30 at 6.

On March 11, 2005, the petitioner filed an application for post-conviction relief in the Iowa District Court for Plymouth County. *See Boss v. State*, No. PCCV030673 (Plymouth County Dist. Ct. 2008). On August 28, 2008, the state district court denied the application. *Id*. The petitioner appealed (*id*), but on August 11, 2010, the Iowa Court of Appeals affirmed the denial of post-conviction relief. *See Boss v. State*, No. 08-1504, 2010 Iowa App. LEXIS 833 (Iowa Ct. App. 2010). On September 3, 2010, the petitioner filed an application for further review, which the Iowa Supreme Court denied on October 21, 2010. *Id*. The petitioner's appeal from the denial of his request for post-conviction relief became final on November 8, 2010, that is, the date when procedendo issued. *Id*.

On November 15, 2010, the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of Iowa. Doc. No. 1. After being transferred to this district on February 10, 2011, the petition was filed here on March 8, 2011. Doc. Nos. 5, 9. In his petition, the petitioner asserts five grounds for relief: (1) counsel provided ineffective assistance when counsel disclosed the location of the body during a bond hearing; (2) counsel provided ineffective assistance when counsel failed to investigate inconsistent statements made by the petitioner's adopted son and when counsel failed to secure or investigate the tape recording of the petitioner's statements to law enforcement; (3) counsel provided ineffective assistance when counsel failed to object to prosecutorial misconduct during closing arguments; (4) counsel provided ineffective assistance when counsel permitted prosecutorial misconduct to occur; and (5) a due process violation occurred in light of

*State v. Heemstra*, 721 N.W.2d 549 (Iowa 2006), which changed the law with respect to felony murder cases. Doc. No. 9.

On March 8, 2011, the court directed the respondent to respond to the five grounds included in the petition. Doc. No. 8. On May 2, 2011, the respondent filed an answer in which he asserts, among other things, that Ground II and Ground V of the petition are procedurally defaulted. Doc. No. 15 at 2-3. On May 3, 2011, the court established a briefing schedule. Doc. No. 16. On July 8, 2011, the respondent notified the court that he submitted relevant state court documents, Doc. No. 17, and the court received them on July 11, 2011. After extending the deadline to file a merits brief four times, the court instructed the petitioner to file his brief by no later than December 15, 2011. Doc. No. 28.

On December 15, 2011, the petitioner filed the motion to stay proceedings pending exhaustion of his state remedies. Doc. No. 29. In his motion, the petitioner concedes that Ground II and Ground V are unexhausted, but he seeks a stay of proceedings so that he may exhaust these claims in state court. Doc. No. 29-1 at 3. He asserts that ineffective assistance of post-conviction counsel warrants a stay. Alternatively, in the event that the court denies a stay, the petitioner requests permission to brief the exhausted claims in Ground I, Ground III and Ground IV of the petition. Doc. No. 29-1 at 7. On December 29, 2011, the respondent resisted the petitioner's request to stay these proceedings. In his resistance, the respondent contends that Ground II and Ground V are procedurally defaulted because the petitioner failed to present them throughout all stages of state court review and because he failed to establish good cause for a stay. Doc. No. 30 at 1-7.

### III. DISCUSSION

#### A. Exhaustion

A petitioner, before obtaining federal habeas corpus review of his or her state confinement, must first "exhaust" his or her federal claims in the appropriate state forum. 28 U.S.C. § 2254(b)(1).[2] A petitioner has exhausted his or her state remedies when he or she has provided the highest state court with a full and fair opportunity to consider all the claims before presenting them to the federal court. *See Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S. Ct. 617, 88 L. Ed. 2d 598 (1986); *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982); *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Miller v. Lock*, 108 F.3d 868, 871 (8th Cir. 1997); *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993); *McDougald v. Lockhart*, 942 F.2d 508, 510 (8th Cir. 1991); *see also* 28 U.S.C. § 2254(c).[3] In Iowa, exhaustion requires a petitioner to seek discretionary review from the Iowa Supreme Court after the Iowa Court

---

[2] Title 28, United States Code, section 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State, or
> (B) (i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

[3] Title 28, United States Code, section 2254(c) provides:

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(c).

of Appeals rejects an appellate argument. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999) (concluding that the exhaustion doctrine requires a petitioner to seek discretionary review when that review is part of the ordinary appellate review procedure) (abrogating *Dolny v. Erickson*, 32 F.3d 381 (8th Cir. 1994)); *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004) (reiterating that a petitioner "must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim" (quoting *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995))); *Welch v. Lund*, 616 F.3d 756, 759 (8th Cir. 2010) (concluding that "an Iowa prisoner whose appeal is deflected to the Iowa Court of Appeals must file an application for further review in the Supreme Court of Iowa to exhaust his claims properly in the state courts").

The fair presentment component of the exhaustion requirement compels a petitioner to affirmatively:

> refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.

*Ashker*, 5 F.3d at 1179 (quotations and citations omitted); *accord Thomas v. Wyrick*, 622 F.2d 411, 413 (8th Cir. 1980). A claim is not fairly presented to the state courts unless the same factual grounds and legal theories asserted in the prisoner's federal habeas corpus petition have been properly raised in the prisoner's state court proceedings. *Keithley v. Hopkins*, 43 F.3d 1216, 1217 (8th Cir. 1995); *Flieger v. Delo*, 16 F.3d 878, 884 (8th Cir. 1994); *see also Keeney v. Tamayo-Reyes*, 504 U.S. 1, 9, 112 S. Ct. 1715, 118 L. Ed. 2d 318 (1992) (full and fair presentment of claims to the state court requires "full factual development" of the claims in that forum); *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) ("Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement.").

"The purpose of the fair presentation component of the exhaustion requirement is to give the state courts the first opportunity to review federal constitutional issues and to correct federal constitutional errors made by the state's trial courts." *Laws v. Armontrout*, 834 F.2d 1401, 1412 (8th Cir. 1987) (citing *Picard*, 404 U.S. at 277), *reh'g granted, vacated by Laws v. Armontrout*, 845 F.2d 782 (8th Cir. 1988); *see also Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam) (same). A "'petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of the opportunity to address those claims in the first instance.'" *Clay v. Norris*, 485 F.3d 1037, 1039 (8th Cir. 2007) (quoting *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)).

The failure to exhaust a claim in state court sometimes implicates the independent and adequate state ground doctrine. *See Gray v. Netherland*, 518 U.S. 152, 161-62, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996); *Coleman*, 501 U.S. at 732. Specifically, the Supreme Court explained:

> 28 U.S.C. § 2254(b) bars the granting of habeas corpus relief "unless it appears that the [petitioner] has exhausted the remedies available in the courts of the State." Because "this requirement . . . refers only to remedies still available at the time of the federal petition," *Engle v. Isaac*, 456 U.S. 107, 126, n. 28, [102 S. Ct. 1558, 71 L. Ed. 2d 783] (1982), it is satisfied "if it is clear that [the petitioner's] claims are now procedurally barred under [state] law," *Castille v. Peoples*, 489 U.S. 346, 351, [109 S. Ct. 1056, 103 L. Ed. 2d 380] (1989). However, the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence[ and, thus,] prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default. *Teague v. Lane*, [489 U.S. 288, 298, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989)]; *Isaac*, [456 U.S.] at 126, n.28, 129; *Wainwright v. Sykes*, 433 U.S. 72, 90-91, [97 S. Ct. 2497, 53 L. Ed. 2d 594] (1977).

*Gray*, 518 U.S. at 161-62.

To satisfy the first prong, it must be clear that the "cause" is:

> something *external* to the petitioner [or] something that cannot fairly be attributed to him . . . . For example, "a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that 'some interference by officials' . . . made compliance impracticable, would constitute cause under this standard."

*Coleman*, 501 U.S. at 753 (alteration in original) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)); *see also Zeitvogel v. Delo*, 84 F.3d 276, 279 (8th Cir. 1996) (citing *Coleman*, 501 U.S. at 753). With respect to the second prong, a petitioner "'must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Armstrong v. Kemna*, 590 F.3d 592, 606 (8th Cir. 2010) (quoting *United States v. Frady*, 456 U.S. 152, 170, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982)). A court need not determine the "cause" issue, if it first determines that the petitioner has not made a showing of prejudice. *Id.* at n.12; *see also Oglesby v. Bowersox*, 592 F.3d 922, 926 (8th Cir. 2010) ("Because [the petitioner] has not established cause for the default, the question of prejudice need not be reached.") (citing *Oxford v. Delo*, 59 F.3d 741, 748 (8th Cir. 1995)); *accord Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007).

Apart from showing good cause for his or her failure to present the claims in state court and actual prejudice as a result of the alleged constitutional violation, a petitioner may have a procedurally defaulted claim reviewed if he or she can demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002); *Hatcher v. Hopkins*, 256 F.3d 761, 763 (8th Cir. 2001); *Keithley*, 43 F.3d at 1218; *Maynard v. Lockhart*, 981 F.2d 981, 985 (8th Cir. 1992); *Buckley v. Lockhart*, 892 F.2d 715, 718 (8th Cir. 1989). The "fundamental miscarriage of justice" exception is available only upon a "showing, based on new evidence, that 'a constitutional violation has probably resulted in the

conviction of one who is actually innocent.'" *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995) (quoting *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)).

Here, the petitioner makes clear in his petition and his motion that he did not exhaust Ground II or Ground V on direct appeal or when appealing the denial of his application for post-conviction relief. Moreover, the record reveals that, although the petitioner raised both claims in his application for post-conviction relief, he either abandoned them when pursuing appellate relief or failed to pursue them in his application for further review after the Iowa Court of Appeals affirmed the denial of post-conviction relief on August 11, 2010. As an explanation for why he did not further present his claims, the petitioner states that post-conviction relief counsel provided ineffective assistance. Given the petitioner's statements and the record, the court finds that the petitioner failed to adequately present his claims to the state courts as he is required to do if he seeks habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A); *Welch*, 616 F.3d at 758-60; *Carmichael v. White*, 163 F.3d 1044, 1045-46 (8th Cir. 1998); *Stokes v. Armontrout*, 851 F.2d 1085, 1092 (8th Cir. 1988).

In light of the court's conclusion that the petitioner failed to properly present his claims to the state courts, it is necessary to consider whether Iowa law prevents the petitioner from raising his claims in state court. *See Wemark v. Iowa*, 322 F.3d 1018, 1022 (8th Cir. 2003).

> Iowa law requires post-conviction applicants to raise all available grounds for relief in their original, supplemental, or amended applications. Iowa Code § 822.8 (1994). "Any ground . . . not raised . . . may not be the basis for a subsequent application" unless the court finds "sufficient reason" to justify omission. *Id*.

*Id*. In addition, a three-year statute of limitation applies to individuals who seek to file an application for post-conviction relief. *Id*. at n.3 (citing Iowa Code § 822.3 (1994)). The court concludes that Iowa law prevents the petitioner from asserting his claims. *See, e.g.*,

*Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005); *Wyldes v. Hundley*, 69 F.3d 247, 252-53 (8th Cir. 1995). Because the three-year statute of limitations under Iowa Code section 822.3[4] would bar the petitioner from reasserting his claims in a subsequent state post-conviction proceeding, Ground II and Ground V are procedurally defaulted.

To the extent that the petitioner desires a review of his procedurally defaulted claims, the court concludes that the petitioner either did not demonstrate good cause for his failure to present his claims in state court and actual prejudice as a result of alleged constitutional violations or did not demonstrate that failure to review any of his claims would result in a fundamental miscarriage of justice. The failure to diligently assert his claims after the Iowa District Court for Plymouth County denied his application for post-conviction relief and pursue further appellate relief falls solely on the petitioner. The petitioner is not entitled to call into question appointed counsel's decision to forego appealing an issue or filing an application for further review. *See, e.g., Murray*, 477 U.S. at 486 ("[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default."); *Oglesby*, 592 F.3d at 925 ("[I]neffective assistance of postconviction counsel is not a cause for procedural default.") (citing *Interiano v. Dormire*, 471 F.3d 854, 857 (8th Cir. 2006)); *accord Clemmons v. Delo*, 124 F.3d 944, 947-48 (8th Cir. 1997);

---

[4] Iowa Code section 822.3 provides that "[a] proceeding is commenced by filing an application verified by the applicant with the clerk of the district court in which the conviction or sentence took place," and "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3. "However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." *Id.*; *see also Harrington v. State*, 659 N.W.2d 509 (Iowa 2003) (discussing Iowa Code section 822.3 and making clear that an applicant relying on such section must show the alleged ground of fact could not have been raised earlier); *Dible v. State*, 557 N.W.2d 881, 884 (Iowa 1996) (requiring a nexus between the alleged ground of fact and the conviction that the applicant seeks to set aside), *abrogated on other grounds by Harrington*, 659 N.W.2d 509.

*see also* 28 U.S.C. § 2254(i) (stating that the ineffectiveness or incompetence of counsel during collateral post-conviction proceedings does not provide a ground for relief).[5] Additionally, the court "need not address the miscarriage of justice exception in this case because [the petitioner] did not assert actual innocence in his habeas petition." *Zeitvogel*, 84 F.3d at 279. Because Ground II and Ground V are procedurally defaulted, it is appropriate to dismiss them from the action.

### B. Propriety of Petitioner's Request for Stay[6]

In a "mixed" petition for habeas corpus relief, where a petitioner presents a federal court with a petition containing some claims that have been exhausted in state court and others that have not been exhausted, a stay and abeyance may be granted in limited circumstances. *Rhines v. Weber*, 544 U.S. 269, 271-77, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). In *Rhines*, the United States Supreme Court explained:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Id.* at 277; *see also Akins v. Kenney*, 410 F.3d 451, 455 (8th Cir. 2005) (following *Rhines* and providing the same). *Rhines* further provided:

---

[5] The court notes that the petitioner's reliance on *Gamble v. State*, 723 N.W.2d 443, 445 (Iowa 2006), *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994), and *Leonard v. State*, 461 N.W.2d 465, 468 (Iowa 1990), does not aide him because none of those cases stand for the proposition that ineffective assistance of post-conviction relief counsel either permits the petitioner to file another application for post-conviction relief within the applicable statute of limitations or establishes cause for excusing his procedural default.

[6] In light of the court's conclusion that Ground II and Ground V are procedurally defaulted, there is no need to address whether a stay is warranted. Nevertheless, the court will briefly explain why the petitioner's request for a stay is inappropriate.

On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 278 (citation omitted). So, under *Rhines*, a court must consider whether the petitioner established good cause for his or her failure to exhaust the claims in state court, whether the petitioner's claims are plainly meritless and whether the petitioner is engaging in abusive litigation tactics or intentional delay. *See Howard v. Norris*, 616 F.3d 799, 802 (8th Cir. 2010). And, if "the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Rhines*, 544 U.S. at 278.

"When a state court remedy is available for a state prisoner's unexhausted claim, the federal habeas court must defer action until the claim is exhausted, either by dismissing the federal petition without prejudice or by using the 'stay and abeyance' procedure described in" *Rhines*. *Armstrong*, 418 F.3d at 926. However, when a petitioner has not exhausted his state court remedies for some particular claim, and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim, then the claim is not truly "unexhausted," but rather, it has been "procedurally defaulted." *See Coleman*, 501 U.S. at 750. In other words, if there is still a state court remedy available, a previously unraised habeas claim is "unexhausted," but if there is no state court remedy still available, then the claim is "procedurally defaulted." *See Armstrong*, 418 F.3d at 926. A claim that has been procedurally defaulted will not be entertained in a federal habeas corpus proceeding unless the petitioner has shown "cause and prejudice" to excuse his procedural default or, in the alternative, that there would be a "fundamental

miscarriage of justice" if the federal court declined to consider the claim. *Coleman*, 501 U.S. at 750; *see also Interiano*, 471 F.3d at 856.

Here, although he concedes that Ground II and Ground V of his petition are "not exhausted," the petitioner maintains that he should be afforded another opportunity to exhaust his state remedies because post-conviction counsel provided ineffective assistance. Doc. No. 29-1 at 5-7. The court disagrees. As the court previously explained, Ground II and Ground V are procedurally defaulted.[7] Because the law contemplates a stay when there is an available remedy in the state court, *see Rhines*, 544 U.S. at 277, the petitioner's request for a stay is futile. Rather than request a stay, the petitioner should have filed a merits brief which addressed: (1) whether the highest state court had a full and fair opportunity to consider each claim, (2) whether the petitioner's claims are procedurally barred under state law and (3) whether the petitioner can demonstrate cause and prejudice for any procedurally defaulted claim. And, notwithstanding any failure of the petitioner to exhaust the remedies that were available to him, he should have addressed the merits of his claims.

## IV. CONCLUSION

For the reasons stated above, IT IS RESPECTFULLY RECOMMENDED that the petitioner's motion for a stay (Doc. No. 29) be **denied**. Additionally, IT IS RESPECTFULLY RECOMMENDED that Ground II and Ground V of the petition be **dismissed with prejudice** because they are procedurally defaulted. Lastly, if Judge Bennett accepts this Report and Recommendation, IT IS RECOMMENDED that the

---

[7] Aside from being procedurally defaulted, Ground V is also plainly meritless because due process does not require retroactive application of *Heemstra*. *Graves v. Ault*, 614 F.3d 501, 510-12 (8th Cir. 2010); *accord Miller v. Fayram*, 416 F. App'x 577, 578 (8th Cir. 2011) (per curiam).

petitioner be ordered to brief the merits of Ground I, Ground III and Ground IV of the petition within 30 days.

Objections to the Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED.**

**DATED** this 28 day of February, 2012.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT