**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

DONALD L. BOSS, JR.,

   Petitioner,

vs.

NICK LUDWICK,

   Respondent.

No. C 11-4014-MWB

MEMORANDUM OPINION AND
ORDER REGARDING PETITIONER'S
OBJECTIONS TO REPORT AND
RECOMMENDATION TO DENY
STAY OF § 2254 PETITION

---

**TABLE OF CONTENTS**

I. **INTRODUCTION**.................................................................2
 A. *State Proceedings* ....................................................2
 B. *Federal Proceedings*..................................................3
  *1.* *Boss's § 2254 Petition* ......................................3
  *2.* *Boss's Motion To Stay*.......................................4
  *3.* *The Report and Recommendation*........................5
  *4.* *Boss's Objections*.............................................6

II. **LEGAL ANALYSIS** .....................................................8
 A. *The Standards Of Review* .........................................8
  *1.* *The statutory standards* ...................................8
  *2.* *Interpretation of the standards* ..........................9
   *a.* *Permissive de novo review*.........................9
   *b.* *Mandatory de novo review* .......................9
   *c.* *"Clear error" review* .............................10
 B. *Unexhausted Claims Versus Defaulted Claims* ...........11
  *1.* *Rules for unexhausted claims*..........................12
   *a.* *Dismissal rules* ...................................12
   *b.* *The "stay and abeyance" rule* ................14
   *i.* *The procedure* ...............................14
   *ii.* *The relevant factors* .......................14
  *2.* *Rules for procedurally defaulted claims* ............15

  **C.**  **Application Of The Rules** ...................................................... **17**
    **1.**  **Is Boss's request for a stay moot?** .................................. **17**
      **a.**  **Untimeliness of further state proceedings** .................. **17**
      **b.**  **The § 822.8 exception** .......................................... **18**
      **c.**  **The § 822.3 exception** .......................................... **21**
      **d.**  **Boss's further objections** ...................................... **22**
      **e.**  **Summary.** .......................................................... **23**
    **2.**  **Can Boss overcome procedural default** ............................. **24**

**III.**  **CONCLUSION** .............................................................. **25**

   Should this action pursuant to 28 U.S.C. § 2254 be stayed to give a state prisoner a chance to exhaust state remedies on unexhausted claims, where the unexhausted claims are (or appear to be) barred by the applicable state statute of limitations? In a report and recommendation, a magistrate judge concluded that a stay should be denied and the unexhausted claims dismissed. The prisoner objects, arguing, *inter alia*, that the state court, rather than this federal court, should decide whether his admittedly unexhausted claims are now time-barred. The prisoner's objections have triggered my obligation to consider the question *de novo*.

## I.  INTRODUCTION[1]

### A.  State Proceedings

   On December 12, 2002, petitioner Donald L. Boss, Jr., was convicted, in the Iowa District Court for Plymouth County, of the first-degree murder of his son,

---

[1] Boss does not object to the summary of the state and federal proceedings in the Report and Recommendation, 1-3.

Timothy, in violation of IOWA CODE § 707.2.  On December 16, 2002, he was sentenced to life imprisonment without possibility of parole.  He appealed.  On January 28, 2004, the Iowa Court of Appeals affirmed Boss's conviction.  *See State v. Boss*, 796 N.W.2d 458, 2004 WL 137627 (Iowa Ct. App. 2004) (slip op.).  Boss sought further review by the Iowa Supreme Court, but that request was denied on April 23, 2004, and his conviction became final on April 28, 2004.

On March 11, 2005, Boss filed an application for post-conviction relief in the Iowa District Court for Plymouth County, but that application was denied on August 28, 2008.  Boss appealed the denial of post-conviction relief, the Iowa Court of Appeals affirmed on August 11, 2010, *see Boss v. State*, 789 N.W.2d 165, 2010 WL 3155198 (Iowa Ct. App. 2010) (slip op.), and the Iowa Supreme Court denied further review on October 21, 2010.  Procedendo on the denial of post-conviction relief issued on November 8, 2010.

## B.    *Federal Proceedings*

### 1.    *Boss's § 2254 Petition*

On November 15, 2010, Boss commenced this federal action by filing a *pro se* Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody (§ 2254 Petition) (docket nos. 1 and 9) in the United States District Court for the Southern District of Iowa.  However, on January 20, 2011, this action was transferred to this district, which includes the county where Boss was convicted.  *See* Order Transferring Case (docket no. 4).

Boss asserts five grounds for § 2254 relief.  Ground One alleges that counsel provided ineffective assistance by disclosing the location of the victim's body during a bond review hearing.  Ground Two alleges that counsel provided ineffective assistance by failing to investigate inconsistences in the statements of Boss's children (specifically,

Boss's son, Claxton) and by failing to secure or investigate a tape recording of Boss's statement to Officer Bartolozzi, purportedly made while Officer Bartolozzi was transporting Boss to the station. Ground Three alleges that counsel provided ineffective assistance by failing to object to numerous uses by the prosecution in its closing argument of the word "liar" to describe Boss. Ground Four alleges prosecutorial misconduct in waving a fist up against pictures of the skeleton of the victim, multiple uses of the word "liar," and substitution of the prosecutor's opinions for facts, prejudicing Boss's ability to receive a fair trial. Ground Five alleges a constitutional violation arising from the Iowa Supreme Court's subsequent redefinition of the felony murder rule, in *State v. Heemstra*, 721 N.W.2d 549 (Iowa 2006), in such a way that it would not have supported a conviction in Boss's case.

In an Initial Review Order (docket no. 8), Chief United States Magistrate Judge Paul A. Zoss directed the respondent to file an answer to Boss's § 2254 Petition and directed the Clerk of Court to appoint an attorney to represent Boss in this matter. The respondent filed his Answer (docket no. 15) on May 2, 2011, asserting, *inter alia*, that Grounds Two and Five of Boss's § 2254 Petition are procedurally defaulted. Judge Zoss then set a briefing schedule on the merits of Boss's claims by Order (docket no. 16), filed on May 3, 2011.

### 2. *Boss's Motion To Stay*

Boss did not file a brief on the merits. Instead, on December 15, 2011, Boss filed, through counsel, a Motion To Stay Proceedings Pending Exhaustion Of State Proceedings (Motion To Stay) (docket no. 29). In his Motion To Stay, Boss acknowledged that Grounds Two and Five of his Petition were not exhausted, but argued that this action should be stayed to allow him to attempt to exhaust those claims in state court, while maintaining the timeliness of his other claims for federal relief. The respondent filed a Resistance (docket no. 30), arguing that a stay is inappropriate.

The respondent argued that the two claims at issue are not merely unexhausted, but now procedurally defaulted, because the applicable state statute of limitations for claims for post-conviction relief has expired, where more than three years have passed since Boss's conviction became final. Thus, the respondent argued that a return to state court on the unexhausted claims would be futile. The respondent also argued that Boss has not shown good cause for failing to exhaust the claims at issue. Finally, the respondent argued that Ground Five is plainly meritless.

### 3.    *The Report and Recommendation*

On January 20, 2012, Judge Zoss heard oral arguments on Boss's Motion To Stay.[2] On February 28, 2012, Judge Zoss filed a Report and Recommendation (docket no. 35) recommending that Boss's Motion To Stay be denied, that Grounds Two and Five be dismissed with prejudice, and that, if I accepted the Report and Recommendation, Boss should be ordered to brief the merits of the remaining grounds for relief within 30 days.

Somewhat more specifically, Judge Zoss concluded that Boss had not exhausted Grounds Two and Five, either on direct appeal or on appeal of the denial of his application for post-conviction relief. Judge Zoss found that Boss had raised those claims in his application for post-conviction relief, but then either abandoned them, when pursuing appellate relief, or failed to pursue them, when seeking further review by the Iowa Supreme Court. Therefore, Judge Zoss concluded that the claims were never fairly presented to the state courts. Judge Zoss also found that the three-year statute of limitations in IOWA CODE § 822.3 prevented Boss from asserting those claims in state court now, so that the claims were not just unexhausted, but procedurally

---

[2] Apparently owing to technical difficulties, a miscommunication, or a problem at the prison where Boss is incarcerated, Boss was unable to participate in the oral arguments telephonically, as the court and the parties had arranged.

defaulted. Judge Zoss concluded that Boss could not excuse his procedural default, because he had not demonstrated "cause" for and "actual prejudice" from his failure to present the claims in state court, because "[t]he failure to diligently assert his claims after the Iowa District Court for Plymouth County denied his application for post-conviction relief and pursue further appellate relief falls solely on the petitioner." Report and Recommendation at 9. Judge Zoss concluded that Boss could not "call into question appointed [post-conviction relief] counsel's decision to forego appealing an issue or filing an application for further review." *Id.* (also concluding that Boss had not asserted a fundamental miscarriage of justice as an alternative basis to excuse procedural default). Next, Judge Zoss concluded that Boss had not met the requirements for a stay of a "mixed petition" for *habeas corpus* relief to allow him to attempt to exhaust his unexhausted claims, because no state remedies were available for the procedurally defaulted claims, making a stay futile. *Id.* at 12.

Finally, Judge Zoss observed,

> Rather than request a stay, the petitioner should have filed a merits brief which addressed: (1) whether the highest state court had a full and fair opportunity to consider each claim, (2) whether the petitioner's claims are procedurally barred under state law and (3) whether the petitioner can demonstrate cause and prejudice for any procedurally defaulted claim. And, notwithstanding any failure of the petitioner to exhaust the remedies that were available to him, he should have addressed the merits of his claims.

Report and Recommendation at 12.

### 4. Boss's Objections

On March 21, 2012, after an extension of time to do so, Boss filed the Objections To Report And Recommendation (Objections) (docket no. 40) now before me. In his Objections, Boss reiterates his acknowledgment that Grounds Two and Five are unexhausted. However, he offers an explanation for why he did not argue the

merits or exceptions to procedural default of those unexhausted claims. Specifically, he argues that the claim concerning the recording of his statements by Officer Bartolozzi could not be adequately developed, where the state still has not produced the tape recording in question, his current counsel believes that he had a better chance of obtaining the recording in state post-conviction relief proceedings than through the limited discovery permitted in federal *habeas* proceedings, and he does not want to lose federal review of the claim by failing to assert it in his first federal *habeas* petition.

Boss specifically objects to Judge Zoss's recommendation that a stay be denied, at least to the extent that it forecloses the opportunity to develop the claim relating to the recording, because Boss argues that the recording, if obtained, will establish that his right to counsel was violated and will also impeach the officer's denial that he recorded the conversation. He takes issue with Judge Zoss's conclusion that a return to state court would be futile, because the state statute of limitations on post-conviction relief claims has expired, and no exception applies in his case. Boss contends that, in so concluding, Judge Zoss unreasonably ignored his contention that the State has deliberately withheld potentially exculpatory evidence in the form of the tape. He contends that his claim is similar to one found timely in *Harrington v. State*, 659 N.W.2d 509 (Iowa 2003), and, thus, is one that requires factual development. He contends that the proper course would be to allow the state courts to determine whether or not his claim is timely.

Boss also objects to Judge Zoss's conclusion that the blame for default of the claim lies with him. He argues that, even though ineffective assistance of post-conviction relief counsel cannot establish "cause" to excuse a procedural default, it can be considered to determine whether a stay should be granted to allow him to attempt to exhaust the claim in question. Boss asserts that, because he was unable to participate in the oral arguments before Judge Zoss, I should hear oral arguments on his Objections,

so that he can now describe how important he feels the recording issue is and how clearly he communicated a desire to pursue it to counsel in the post-conviction relief proceedings at the district court and appellate levels.

Boss now acknowledges, however, that his Ground Five, concerning subsequent redefinition of Iowa's felony murder rule by the Iowa Supreme Court in *State v. Heemstra*, 721 N.W.2d 549 (Iowa 2006), is fruitless. He acknowledges that every federal court to consider the issue has concluded that the Iowa Supreme Court's decision in *Heemstra* does not apply retroactively to cases that became final before the redefinition was announced. *See Graves v. Ault*, 614 F.3d 501, 509-12 (8th Cir.), *cert. denied*, ___ U.S. ___, 131 S. Ct. 508 (2010). Thus, my analysis concerns only Ground Two.

## II.    LEGAL ANALYSIS

### A.    The Standards Of Review

#### 1.    The statutory standards

The district court's standards of review for a magistrate judge's report and recommendation are established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a

magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation).

### 2. Interpretation of the standards

The United States Supreme Court has explained the statutory standards, as follows:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, the specific standard of review may depend upon whether or not a party has objected to portions of the report and recommendation. I will explain what triggers each specific standard of review in a little more detail.

### a. Permissive de novo review

A district court may review *de novo* any issue in a magistrate judge's report and recommendation at any time. *Id*. This discretion to conduct *de novo* review of any issue at any time makes sense, because the Eighth Circuit Court of Appeals has "emphasized the necessity . . . of retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate." *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994).

### b. Mandatory de novo review

If a party files an objection to the magistrate judge's report and recommendation, however, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (emphasis added). In most cases, to trigger *de novo* review,

"objections must be timely and specific." *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). However, the Eighth Circuit Court of Appeals has been willing to "liberally construe[]" otherwise general *pro se* objections to require a *de novo* review of all "alleged errors," *see Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995), and has also been willing to conclude that general objections require "full de novo review" if the record is concise, *Belk*, 15 F.3d at 815 ("Therefore, even had petitioner's objections lacked specificity, a de novo review would still have been appropriate given such a concise record."). When objections have been made, and the magistrate judge's report is based upon an evidentiary hearing, "'the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing.'" *United States v. Azure*, 539 F.3d 904, 910 (8th Cir. 2008) (quoting *Jones v. Pillow*, 47 F.3d 251, 252 (8th Cir. 1995), in turn quoting *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)). As part of my *de* novo review of Boss's Objections in this case, I have listened to the recording of the oral arguments before Judge Zoss on Boss's Motion To Stay on January 20, 2012.

    *c.*   *"Clear error" review*

   In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150; *see also Peretz v. United States*, 501 U.S. 923, 939 (1991) (stating that § 636(b)(1) "provide[s] for de novo review only when a party objected to the magistrate's findings or recommendations" (emphasis added)); *United States v. Ewing*, 632 F.3d 412, 415 (8th Cir. 2011) ("By failing to file objections, Ewing waived his right to de novo review [of a magistrate judge's report and recommendation on a suppression motion] by the district court."). Indeed, *Thomas* suggests that no review at all is required. *Id*. ("We are therefore not persuaded that [§ 636(b)(1)] requires some lesser review by the district court when no objections are filed.").

Nevertheless, the Eighth Circuit Court of Appeals has indicated that a district court should review the portions of a magistrate judge's report and recommendation to which no objections have been made under a "clearly erroneous" standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that, when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting that the advisory committee's note to FED. R. CIV. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). Review for clear error, even when no objection has been made, is consistent with "retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate." *Belk*, 15 F.3d at 815.

Although the Eighth Circuit Court of Appeals has not explained precisely what "clear error" review means in this context, in other contexts, the Supreme Court has stated that the "foremost" principle under this standard of review "is that '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

I will review Judge Zoss's Report and Recommendation with these standards in mind.

## B.     *Unexhausted Claims Versus Defaulted Claims*

At first blush, Boss's § 2254 Petition appears to be a "mixed petition," that is, "one in which some claims have been fully exhausted in state court and others have not." *White v. Dingle*, 616 F.3d 844, 846 (8th Cir. 2010). "To exhaust an available

11

state post-conviction remedy, the petitioner must 'use the State's established appellate review procedures.'" *Armstrong v. Iowa*, 418 F.3d 924, 925-26 (8th Cir. 2005) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Where the petitioner fails to appeal the denial of state post-conviction relief to the state supreme court, he has failed to exhaust the claims that were raised or that should have been raised in the state court petition. *Id.* at 926.

Boss's Grounds One, Three, and Four were fully exhausted on Boss's direct appeals and in state post-conviction relief proceedings, including appeal to the Iowa Court of Appeals and a request for further review to the Iowa Supreme Court. *Id.* at 925-26. On the other hand, Boss admits that, although he raised Ground Two in his application for post-conviction relief, he either did not raise that ground in his post-conviction relief appeal or did not pursue it in his application for further review. Report and Recommendation at 8. Therefore, Ground Two was not fully exhausted. *Armstrong*, 418 F.3d at 925-26.[3] I conclude, however, that the failure to exhaust his Ground Two for § 2254 relief does not necessarily mean that Boss's § 2254 Petition is "mixed," because it leaves open the question of whether Ground Two is merely unexhausted, or is procedurally defaulted.

### 1. Rules for unexhausted claims

#### a. Dismissal rules

For three decades, "mixed petitions," involving both exhausted and unexhausted claims, have been subject to special rules. As the Eighth Circuit Court of Appeals has explained,

> In *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), the Supreme Court held . . . that a mixed petition should be dismissed without prejudice and

---

[3] The same is true of Ground Five, but Boss raises no objections to the dismissal of Ground Five as without merit.

> that the petitioner should be given "the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Id.*

*White*, 616 F.3d at 846. Thus, at least initially, "mixed petitions" were subject to dismissal, albeit without prejudice, *in their entirety*.

The *Lundy* rule created problems under the Antiterrorism and Effective Death Penalty Act (AEDPA):

> Because *Rose v. Lundy* was decided before the AEDPA's one-year statute of limitations was established, however, it did not contemplate that a dismissal without prejudice after expiration of the AEDPA limitations period could eliminate access to federal habeas review. The potential peril for the unwary habeas petitioner is exacerbated by the fact that the limitations period is not tolled while a petition is pending in federal court. *See Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). A petitioner like White, for example, who files his petition well before the expiration of the AEDPA's one-year deadline may find that the limitations period has expired while his case was under consideration. In such a situation, dismissal without prejudice does not provide a petitioner with the options that the Court envisioned in *Rose v. Lundy*; rather, it leaves the petitioner both out of court and out of time to file another petition.
>
> The Supreme Court considered this issue in *Rhines v. Weber*, 544 U.S. 269, 278, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), and concluded that when dismissal of a mixed petition without prejudice might unreasonably impair a petitioner's opportunity to obtain federal habeas review, "the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims." In other words, the petitioner should be given the opportunity to have his exhausted claims considered on the merits.

*White*, 616 F.3d at 846-47. Thus, the first remedy to the problem created by the unanticipated effect of the *Lundy* rule in conjunction with the AEDPA's one-year statute of limitations was to allow *piecemeal dismissal* of the unexhausted claims, while exhausted claims were allowed to proceed through federal habeas review.

### b.  The "stay and abeyance" rule

### i.  The procedure

In *Rhines v. Weber*, 544 U.S. 269 (2005), however, the United States Supreme Court did not authorize dismissal of unexhausted claims as the only remedy. The Court also authorized a "stay and abeyance" procedure for the petitioner's *entire* § 2254 petition. *Rhines*, 544 U.S. at 275. Specifically,

> Under this procedure, rather than dismiss the mixed petition pursuant to *Lundy*, a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court.

*Rhines*, 544 U.S. at 275-76. Thus, the "stay and abeyance" procedure allows the petitioner to attempt to exhaust his or her unexhausted claims in state court, *while the entire petition is stayed in federal court*, then, after all claims are exhausted, proceed with all of his or her claims for § 2254 relief in the original § 2254 proceeding in federal court.

### ii.  The relevant factors

Although the Court held in *Rhines* that the district court has the authority to impose a stay, the Court also observed but that the district court should do so "only in limited circumstances." *Id*. at 277. As the Eighth Circuit Court of Appeals explained on remand,

The Court's opinion provided the following guidance:

> [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> * * * * * *
>
> Even where stay and abeyance is appropriate . . . [a] mixed petition should not be stayed indefinitely. . . . Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. . . . And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all.
>
> [*Rhines*, 544 U.S. at 277-78, 125 S. Ct.] at 1535.

*Rhines*, 409 F.3d at 983. The Eighth Circuit Court of Appeals subsequently summarized the factors pertinent to the determination of whether or not to stay a "mixed petition" as follows: "(1) [the petitioner] had good cause for his failure to exhaust, (2) his unexhausted claims were potentially meritorious, and (3) he had not engaged in intentionally dilatory litigation tactics." *Howard v. Norris*, 616 F.3d at 801.

There is at least one "prerequisite" to invocation of the "stay and abeyance" procedure. The Eighth Circuit Court of Appeals has recognized that, if the petitioner's federal *habeas* petition is untimely, that untimeliness renders the "stay and abeyance" issue moot. *See Parmley v. Norris*ˎ 586 F.3d 1066, 1073 (8th Cir. 2009).

### 2.    *Rules for procedurally defaulted claims*

Different rules apply if the claims in question are not just unexhausted, but procedurally defaulted. In *Armstrong v. Iowa*, 418 F.3d 924 (8th Cir. 2005), the Eighth Circuit Court of Appeals explained,

When a state court remedy is available for a state prisoner's unexhausted claim, the federal habeas court must defer action until the claim is exhausted, either by dismissing the federal petition without prejudice or by using the "stay and abeyance" procedure described in *Rhines v. Weber*, --- U.S. ----, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). However, if no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default" (or actual innocence, which is not an issue in this case). *Gray v. Netherland*, 518 U.S. 152, 162, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *see Coleman v. Thompson*, 501 U.S. 722, 731-32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

*Armstrong*, 418 F.3d at 926. Thus, if the challenged claims are procedurally defaulted, not merely unexhausted, then the petition is no longer "mixed," the "stay and abeyance" issue is moot, and the only question is whether the petitioner can overcome the procedural default of the challenged claims to allow them to be considered by the federal court pursuant to § 2254. Furthermore, if the petitioner cannot overcome procedural default of the challenged claims, dismissal of those claims is proper. *See, e.g., Welch v. Lund*, 616 F.3d 756, 760 (8th Cir. 2010).

The practical effect of this reading of *Armstrong* here is that the first question is not whether the *Rhines* factors warrant a "stay and abeyance," but whether the "stay and abeyance" issue is moot. That question turns on whether Ground Two is merely unexhausted, or is procedurally defaulted. If the "stay and abeyance" issue is moot, because Ground Two is procedurally defaulted, then the next question will be whether Boss can overcome the procedural default or whether the procedurally defaulted claim should be dismissed. If the "stay and abeyance" issue is not moot, because Ground

Two is unexhausted, but not defaulted, then the next question will be whether or not a stay is warranted in light of the *Rhines* factors.

## C.    Application Of The Rules

Although Judge Zoss did not follow precisely the analytical procedure outlined just above, he did make the findings that would be dispositive under that procedure (and, hence, under *Armstrong*).   Specifically, Judge Zoss found that Ground Two, the claim relating to recording of Boss's statements by Officer Bartolozzi, was not merely unexhausted, but was procedurally defaulted, which would render the "stay and abeyance" issue moot.   Judge Zoss also found that Boss could not overcome the procedural default of Ground Two, so that Ground Two should be dismissed. Similarly, Boss made the pertinent objections, because he objects to Judge Zoss's conclusion that resort to state court on Ground Two would be "futile," to Judge Zoss's conclusion that Ground Two was procedurally defaulted, and to Judge Zoss's further conclusion that he has not shown "cause and prejudice" to overcome procedural default of that claim.   Therefore, I will review *de novo* the conclusions to which Boss objects, but in the context of the analytical procedure that I have outlined above.

### 1.    Is Boss's request for a stay moot?

Again, the first question is not whether the *Rhines* factors warrant a "stay and abeyance," but whether the "stay and abeyance" issue is moot.   That question turns on whether Ground Two is merely unexhausted or is procedurally defaulted.

#### a.    Untimeliness of further state proceedings

In *Armstrong*, the Eighth Circuit Court of Appeals concluded that a petitioner's unexhausted claims in his "mixed petition" were "futile," and consequently procedurally defaulted, for two reasons:  (1) the petitioner had not appealed the denial of his state application for post-conviction relief, and the time for such an appeal had

long since passed, *see Armstrong*, at 418 F.3d at 925-26 (citing IOWA R. APP. P. 6.5); and (2) the petitioner could not demonstrate the viability of a successive petition for post-conviction relief to reassert the unexhausted claims, where he could not satisfy the "severely limited" circumstances in which a successive petition is allowed under Iowa law, *see id.* (citing IOWA CODE § 822.8). Similarly, here, Judge Zoss concluded that an attempt to exhaust Boss's claim relating to the recording of his statements by Officer Bartolozzi would be "futile," because any attempt to raise the claim now in state court is untimely under the three-year statute of limitations in IOWA CODE § 822.3. Thus, the question here, as in *Armstrong*, is "whether [Boss] has a non-futile state court remedy for his unexhausted claim[]." *Armstrong*, 418 F.3d at 926.

As in *Armstrong*, "[t]he time to appeal the Iowa trial court's denial of [Boss's] post-conviction petition," as to a claim that Boss did not pursue through all levels of appellate review, "has long passed." *Id.* (citing IOWA R. APP. P. 6.5(1), 6.20(2)).[4] Boss has not raised any due process issue that might permit a delayed appeal of his unexhausted claim. *Id.* Also, Judge Zoss is correct that the applicable three-year statute of limitations has expired since Boss's conviction became final on April 28, 2004. *See* IOWA CODE § 822.3 ("All other applications [for post-conviction relief, other than those pursuant to § 822.2(1)(f), pertaining to loss of a reduction of sentence] must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued.").

### b.    The § 822.8 exception

What Judge Zoss did not adequately consider was whether or not circumstances exist that would permit Boss to assert his otherwise untimely claim in state post-conviction relief proceedings. Judge Zoss did cite *Wemark v. Iowa*, 322 F.3d 1018

---

[4] The Iowa Rules of Appellate Procedure cited in *Amstrong* were renumbered as Rules 6.101(1) and 6.101(5), respectively, effective January 1, 2009.

(8th Cir. 2003), for the proposition that "Iowa law requires post-conviction applicants to raise all available grounds for relief in their original, supplemental, or amended applications," and that "'[a]ny ground . . . not raised . . . may not be the basis for a subsequent application' unless the court finds 'sufficient reason' to justify the omission." *Wemark*, 322 F.3d at 1022 (quoting Iowa Code § 822.8); *see* Report and Recommendation at 8. However, Judge Zoss did not then consider whether Boss had asserted any "sufficient reason" to justify his failure to exhaust Ground Two. In fairness to Judge Zoss, Boss's *habeas* counsel did not clearly articulate his reasons for seeking a stay to exhaust his admittedly untimely claim in terms of whether there was "sufficient reason" to justify the omission of that claim from appellate review of the denial of his post-conviction relief application. Indeed, it is not clear from Boss's *habeas* counsel's framing of Boss's Objections that Boss is now asserting "sufficient reason" to justify that omission. What is clear, however, is that Boss is asserting that his counsel on his state post-conviction relief application failed to assert Ground Two for relief on appeal, notwithstanding Boss's requests that counsel do so. In an abundance of caution, I construe that argument to be an argument that the § 822.8 "sufficient reason" exception applies to Boss's Ground Two.

In *Armstrong*, the Eighth Circuit Court of Appeals addressed a *habeas* petitioner's "sufficient reason" argument concerning his unexhausted and untimely claims. *Armstrong*, 418 F.3d at 926. After quoting Iowa Code § 822.8, the court explained,

> Iowa recognizes a statutory right to effective assistance of post-conviction counsel, *see* Iowa Code § 822.5, and ineffective assistance of post-conviction counsel can provide "sufficient reason" for not raising or inadequately raising an issue in the prior proceeding. *Sims v. State*, 295 N.W.2d 420, 422-23 (Iowa 1980). However, a successive petition is barred unless petitioner can "state the specific ways in which

counsel's performance was inadequate and how competent
representation would have changed the outcome." *Rivers v.
State*, 615 N.W.2d 688, 690 (Iowa 2000), quoting Bugley v.
State, 596 N.W.2d 893, 898 (Iowa 1999); *see also Dunbar
v. State*, 515 N.W.2d 12, 14-15 (Iowa 1994). Armstrong
alleges that post-conviction counsel's failure to appeal was
ineffective assistance. But he makes no showing that an
appeal would have changed the outcome of the claims finally
adjudicated by the state trial court, and no showing of
sufficient reason why the new grounds asserted in his federal
petition were not raised in state court.

*Armstrong*, 418 F.3d at 926.

Here, Boss also asserts ineffective assistance of post-conviction relief counsel in

failing to appeal the unexhausted ground. His argument that post-conviction relief

counsel's failings prevented adequate appellate review of the unexhausted ground is

undercut, however, by his admission that the Iowa Supreme Court has "been very

supportive of supplemental *pro se* pleading and has openly encouraged *pro se*

supplementing of the briefing." Petitioner's Brief In Support Of Motion To Stay

(docket no. 29-1), 6 (citing *Leonard v. State*, 461 N.W.2d 465, 468 (Iowa 1990)).

Thus, Boss himself had the opportunity to pursue appellate review of the claim that he

contends was important to him, notwithstanding his post-conviction relief counsel's

failure to do so. Furthermore, Boss fails to make any showing that an appeal of the

denial of Ground Two would have changed the outcome. *See Armstrong*, 418 F.3d at

926. Although Boss argues that proper prosecution of the recording claim might

establish that his right to counsel was violated and might also impeach the officer's

denial that he recorded the conversation, he has not demonstrated how either showing

would have changed the outcome of his post-conviction relief proceedings.

Specifically, he has not argued or shown that any information obtained when Officer

Bartolozzi purportedly recorded his statements was the basis for his conviction or, if it

was, that other sufficient evidence to support his conviction was lacking.[5]  Thus, he has

not shown "sufficient reason" for failing to exhaust Ground Two within the meaning of

IOWA CODE § 822.8 to assert an untimely state post-conviction relief action to address

that claim.

### c.    *The § 822.3 exception*

Judge Zoss also did not consider whether Boss can escape the bar on successive

applications for post-conviction relief pursuant to the exception stated in IOWA CODE

§ 822.3.  Section 822.3 provides that post-conviction relief applications "must be filed

within three years from the date the conviction or decision is final or, in the event of an

appeal, from the date the writ of procedendo is issued," *but* "this limitation does not

apply to a ground of fact or law that could not have been raised within the applicable

time period."  IOWA CODE § 822.3.  Again, in fairness to Judge Zoss, Boss's *habeas*

counsel did not clearly articulate any arguments in his Motion To Stay in terms of

fitting this exception.    In his Objections, however, Boss's *habeas* counsel does

expressly rely on this exception by citing *Harrington v. State*, 659 N.W.2d 509 (Iowa

2003), and asserting that, like the petitioner in *Harrington*, he is presented with

circumstances in which the State has deliberately withheld potentially exculpatory

evidence consisting of Officer Bartolozzi's recording, and he asserts that he should be

given the opportunity to establish that he can meet the § 822.3 exception.  Objections at

7-8.

---

[5] Although the Iowa Court of Appeals concluded, on Boss's direct appeal, that "Boss's statements to police officers at the time of his arrest reinforce this version of events," drawn from the testimony of another of Boss's children and forensic evidence, *see Boss*, 796 N.W.2d 458, 2004 WL 137627 at *4, this statement in no way suggests that the other evidence was inadequate to support Boss's conviction in the absence of any statements that he made to the police.

The § 822.3 exception is not available to Boss, however. As the Iowa Supreme Court explained in *Harrington*, an "obvious requirement" of the § 822.3 exception is that "the alleged ground of fact could not have been raised earlier." *Harrington*, 659 N.W.2d at 520. Here, Boss clearly knew *at the time of his criminal trial* about the "alleged ground of fact" supporting his claim concerning a recording by Officer Bartolozzi, that is, that Officer Bartolozzi purportedly recorded his conversation, because he asserts that he "saw Officer Bartolozzi turn on the recorder." Objections at 8. The factual basis for a claim that the recording existed and that the State was withholding it clearly *could have* been raised earlier. This is quite different from the circumstances in *Harrington*. In *Harrington*, eight police reports were unknown to and had never been disclosed to either trial counsel or post-conviction relief counsel in the petitioner's first post-conviction relief action. Those police reports were only made known to the petitioner and his post-conviction relief attorneys more than twenty years after the petitioner's conviction, when a person interested in the case asked the police department for a copy of the complete file pertaining to the murder. *See Harrington*, 659 N.W.2d at 517-18. Thus, the § 822.3 "ground of fact that could not have been raised" exception does not avoid the futility of an untimely attempt to pursue Boss's claim concerning the recording in further state post-conviction relief proceedings, as it did in *Harrington*. *Id.* at 521.

### d. *Boss's further objections*

I reject Boss's objection that Judge Zoss should have left to the state court the determination of whether or not his claim regarding the recording by Officer Bartolozzi was "futile" and, consequently, procedurally defaulted, and his further objection that neither Judge Zoss nor I should decide the issue without his personal participation in a hearing so that he can now describe how important he feels the recording issue is and how clearly he communicated a desire to pursue it to counsel in the post-conviction

22

relief proceedings at the district court and appellate levels. As to the decisionmaker issue, Boss cites no authority for the proposition that the federal *habeas* court is incompetent to make the determination of whether or not an attempt to exhaust a claim in further state post-conviction relief proceedings would be futile. Rather, the Eighth Circuit Court of Appeals has directed the federal *habeas* court to decide "whether [the petitioner] has a non-futile state court remedy for his unexhausted claims." *Armstrong*, 418 F.3d at 926. As to both Boss's decisionmaker objection and his objection that he has not participated in any hearing in this court, Boss could not dispute—in this or any other court—that he knew of his claim that Officer Bartolozzi recorded his statements, so that his assertion of a § 822.3 exception fails as a matter of law. Similarly, Boss has not argued, nor could he—in this or any other court—that the evidence was insufficient to convict him without evidence obtained directly or indirectly from the allegedly improper recording of his statements to Officer Bartolozzi, so that the outcome of the state proceedings might have been different. *See Armstrong*, 418 F.3d at 926. This is so, because the Iowa Court of Appeals concluded, on direct appeal, that Boss's statements to police only "reinforce[d]" other evidence sufficient to sustain his conviction. *See Boss*, 796 N.W.2d 458, 2004 WL 137627 at *4. Thus, Boss's assertion of a § 822.8 exception also fails as a matter of law.

### e. Summary

Upon *de novo* review, I agree with Judge Zoss's conclusion that attempts to exhaust Boss's unexhausted claim regarding the recording are futile as a matter of law, and that, consequently, the claim is procedurally defaulted. *See Armstrong*, 418 F.3d at 926. That conclusion renders the "stay and abeyance" issue moot, and the next question is whether Boss can overcome that procedural default or whether the procedurally defaulted claim should be dismissed.

### 2. Can Boss overcome procedural default

Judge Zoss concluded that Boss could not overcome the procedural default of his unexhausted claims on the basis of "cause and prejudice," because ineffective assistance of his post-conviction relief counsel could not constitute "cause" for the default, where there is no constitutional right to post-conviction relief counsel. Report and Recommendation at 9-10 (citing *Murray v. Carrier*, 477 U.S. 478, 486 (1986); *Oglesby v. Bowersox*, 592 F.3d 922, 925 (8th Cir. 2010); and 28 U.S.C. § 2254(i)). He also found that Boss had not asserted actual innocence to support a "miscarriage of justice" as a basis to overlook the default. *Id.* at 10 (citing *Zeitvogel v. Delo*, 84 F.3d 276, 279 (8th Cir. 1996)). Boss acknowledges that ineffective assistance of post-conviction relief counsel cannot constitute "cause" to excuse procedural default, and he makes no new or renewed argument based on "actual innocence" to try to overcome his default. Objections at 8. Therefore, there is no basis in the record to overlook Boss's procedural default of his unexhausted claims.

Boss attempts to avoid the consequences of procedural default by arguing that, even if ineffective assistance of post-conviction relief counsel cannot constitute "cause" to overcome procedural default, it can be considered to determine whether the "stay and abeyance" procedures should be invoked. Objections at 8-9 (citing *Rhines v. Weber*, 408 F. Supp. 2d 844, 849 (D.S.D. 2005)). In his Resistance to Boss's Motion To Stay, the respondent pointed out that the district court in *Rhines* stayed the federal action only because the petitioner in that case could still return to state court, but Boss cannot do so here. Respondent's Resistance (docket no. 30) at 6 (citing *Rhines*, 408 F. Supp. 2d at 848-49).

In *Rhines*, the district court believed "that the Supreme Court suggested a more expansive definition of 'good cause' [for a stay] in *Pace* and *Rhines* than the showing needed for 'cause' to excuse a procedural default." *Rhines*, 408 F. Supp. 2d at 849

(citing *Pace v. DiGuglielmo*, 544 U.S. 408, ___, 125 S. Ct. 1807, 1814 (2005), and *Rhines*, 544 U.S. 269). Even accepting that premise as true, however, it does not warrant a stay in this case, because the unexhausted claims here *are* procedurally defaulted, while those in *Rhines* were not. *Compare Rhines*, 408 F. Supp. 2d at 849 ("[U]nlike the procedural default situation where a petitioner is barred from presenting his claims to state courts, Rhines is not barred from presenting his claim to the state court."). The procedural default of Boss's claims entirely moots the "stay and abeyance" issue, *see Armstrong*, 418 F.3d at 926, so what "cause" will satisfy the "stay and abeyance" standard is simply irrelevant. Here, the only question is whether or not Boss can overcome procedural default of Ground Two, and he has not shown that he can, because ineffective assistance of post-conviction relief counsel does *not* constitute "cause" that would excuse procedural default. *See, e.g., Murray*, 477 U.S. at 486; *see also Armstrong*, 418 F.3d at 926.

Under these circumstances, Judge Zoss correctly concluded that Ground Two should be dismissed, because it is procedurally defaulted, and Boss cannot excuse that default. *See, e.g., Welch*, 616 F.3d at 760 (recognizing that, if the petitioner cannot overcome procedural default of the challenged claims, dismissal of those claims is proper).[6]

### III. CONCLUSION

Upon *de novo* review of the parts of the Report and Recommendation (docket no. 35) to which Boss objected, I **overrule** Boss's Objections (docket no. 40), and

---

[6] On "clear error" review of Judge Zoss's recommendation that Ground Five be dismissed as without merit, I also agree with Judge Zoss, and Boss now admits that the claim is without merit.

finding no other "clear error" in the Report and Recommendation, I **accept** the Report and Recommendation.  Consequently,

1.      Boss's Motion To Stay (docket no. 29) is **denied**;

2.      Ground Two of Boss's § 2254 Petition is **dismissed with prejudice** as procedurally defaulted;

3.      Ground Five of Boss's § 2254 Petition is **dismissed with prejudice** as without merit; and

4.      Boss shall have **to and including May 31, 2012,** to file a brief on the merits of Grounds One, Three, and Four of his § 2254 Petition.

**IT IS SO ORDERED**.

**DATED** this 1st day of May, 2012.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA