# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

DONALD L. BOSS, JR.,

               Petitioner,

vs.

NICK LUDWICK,

               Respondent.

No. C 11-4014-MWB

**ORDER GRANTING THE
PETITIONER'S MOTION FOR A
CERTIFICATE OF APPEALABILITY**

---

This case is before me on petitioner Donald Boss's May 20, 2013, Motion For Certificate Of Appealability (docket no. 70). Boss requests that, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, I amend the judgment following my May 3, 2013, denial of his petition for federal *habeas* relief pursuant to 28 U.S.C. § 2254, *see* Memorandum Opinion And Order (docket no. 68); Judgment (docket no. 69), to address whether a certificate of appealability should issue pursuant to 28 U.S.C. § 2253(c)(1)(A). Although Boss is correct that Rule 11 of the Rules Governing Section 2254 Cases In The United States District Courts (§ 2254 *Habeas* Rules) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," nothing in that rule requires that the issuance or denial of a certificate of appealability must be in either the order denying the petitioner's § 2254 petition or the judgment pursuant to such an order. Therefore, no amendment of the judgment is required, but I must consider Boss's request for a certificate of appealability.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides, in pertinent part, as follows:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

> **(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; . . . .

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

As the Supreme Court has explained,

> As mandated by federal statute, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253. Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a [certificate of appealability (COA)] from a circuit justice or judge. This is a jurisdictional prerequisite because the COA statute mandates that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals …." § 2253(c)(1). As a result, until a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners.

> A COA will issue only if the requirements of § 2253 have been satisfied. "The COA statute establishes procedural rules and requires a threshold inquiry into whether the circuit court may entertain an appeal." *Slack [v. McDaniel]*, 529 U.S. [473,] 482, 120 S.Ct. 1595 [(2000)]; *Hohn v. United States*, 524 U.S. 236, 248, 118 S.Ct. 1969, 141 L.Ed.2d 242 (1998). As the Court of Appeals observed in this case, § 2253(c) permits the issuance of a COA only

where a petitioner has made a "substantial showing of the denial of a constitutional right." In *Slack, supra*, at 483, 120 S.Ct. 1595, we recognized that Congress codified our standard, announced in *Barefoot v. Estelle*, 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983), for determining what constitutes the requisite showing. Under the controlling standard, a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 529 U.S., at 484, 120 S.Ct. 1595 (quoting *Barefoot, supra*, at 893, n. 4, 103 S.Ct. 3383).

*Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).

The Court explained, further, that, although "[t]he COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits," issuance of a certificate of appealability "does not require a showing that the appeal will succeed," because "the whole premise is that the prisoner 'has already failed in [the] endeavor'" to demonstrate an entitlement to relief. *Id.* at 337 (quoting *Barefoot*, 463 U.S. at 893 n.4); *see also Randolph v. Kemna*, 276 F.3d 401, 403 n.1 (8th Cir. 2002) (describing § 2253(c)(2) as imposing only a "modest standard" that requires the petitioner only to "'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" (quoting *Barefoot*, 463 U.S. at 893 n.1)). The Eighth Circuit Court of Appeals has repeatedly explained that appellate review "is limited to the issues set forth in the certificate of appealability." *Jackson v. Norris*, 573 F.3d 856, 858 n.2 (8th Cir. 2009) (citing *Chang v. Minnesota*, 521 F.3d 828, 831 (8th Cir. 2008)).

I provided not just an overview of Boss's claims for federal *habeas* relief and a general assessment of their merits, but a detailed analysis of those claims in my

3

Memorandum Opinion And Order (docket no. 68) denying those claims. I see no need to repeat or summarize any of that discussion here. Even though I rejected those claims on the merits, and Boss's arguments for a certificate of appealability are essentially reiterations of his failed arguments on the merits, the merits of his claims do not determine the merits of his request for a certificate of appealability. *See Miller-El*, 537 U.S. at 337 (a request for a certificate of appealability is premised on the failure of the claims before the district court, so the question is not whether an appeal will succeed). Rather, I now conclude that Boss has made "a substantial showing of the denial of a constitutional right," *id*. at 336; 28 U.S.C. § 2253(c)(2), where at least some of the questions presented in Boss's claims are "adequate to deserve encouragement to proceed further." *Barefoot*, 463 U.S. at 893 n.1; *Rudolph*, 276 F.3d at 403 n.1.

Turning to the issues that should be set forth in the certificate of appealability, *see Jackson*, 573 F.3d at 858 n.2 (noting that appellate review "is limited to the issues set forth in the certificate of appealability"), Boss requests that I certify the following issues:

> A. Issue 1: Whether the Iowa Post-Conviction Court of Appeals' adjudication of Mr. Boss['s] 6th and 14th Amendment ineffectiveness of counsel claim arising from counsel's disclosure of the body during a bond review hearing was "contrary to"; unreasonable application of Strickland v. Washington under 28 U.S.C. Section 2254(d)(1); or an unreasonable application [sic: determination?] of fact in light of evidence presented under 28 U.S.C. Section 2254(d)(2)?

> [B]. Issue 2: Whether the Iowa Post-Conviction Court of Appeals' adjudication of Mr. Boss['s] 6th and 14th Amendment ineffectiveness of counsel claim arising from counsel's advice relating to his disclosure of the body during a bond review hearing was "contrary to"; unreasonable application of Strickland v. Washington, under 28 U.S.C.

> Section 2254(d)(1), or an unreasonable application [sic:
> determination?] of facts under Section 2254(d)(2)[?]

Petitioner's Motion For Certificate Of Appealability (docket no. 70), ¶ 4. I found that Boss's objections to the report and recommendation squarely presented only questions of "unreasonable determination of fact," pursuant to § 2254(d)(2), as to the "performance" prong of his ineffective assistance claims. *See* Memorandum Opinion And Order (docket no. 68) at 58-59. Nevertheless, I believe that Boss's § 2254 Petition did attempt to put at issue other standards under § 2254(d) for rejection of the determination of the Iowa Court of Appeals on his ineffective assistance of counsel claims, and reasonable jurists could interpret Boss's challenges to the determinations by the Iowa District Court and Iowa Court of Appeals more broadly than I did. Also, because I determined that it was unnecessary to reach the "prejudice" prong of Boss's ineffective assistance of counsel claims, if a reviewing court rejects my analysis of the "deficient performance" prong of those claims, then reasonable jurists could conclude that Boss has put at issue all of the standards under § 2254(d) for rejection of the determinations of the Iowa District Court and the Iowa Court of Appeals on the "prejudice" prong of his claims. Consequently, I will certify both of the issues identified by Boss, albeit with typographical corrections.

THEREFORE, petitioner Donald Boss's May 20, 2013, Motion For Certificate Of Appealability (docket no. 70) is **granted** to the extent that **a certificate of appealability shall issue** pursuant to § 2253(c) for Boss to appeal my denial of his § 2254 Petition as to the following two issues:

> 1: Whether the adjudication by the Iowa Court of
> Appeals of Mr. Boss's 6th and 14th Amendment claim of
> ineffective assistance of counsel, arising from counsel's
> disclosure of the body during a bond review hearing, was
> "contrary to" or an "unreasonable application of" *Strickland
> v. Washington* within the meaning of 28 U.S.C.

5

§ 2254(d)(1), or "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" within the meaning of 28 U.S.C. § 2254(d)(2)?

2:     Whether the adjudication by the Iowa Court of Appeals of Mr. Boss's 6th and 14th Amendment claim of ineffective assistance of counsel, arising from counsel's advice relating to his disclosure of the body during a bond review hearing, was "contrary to" or an "unreasonable application of" *Strickland v. Washington* within the meaning of 28 U.S.C. § 2254(d)(1), or "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" within the meaning of 28 U.S.C. § 2254(d)(2)?

**IT IS SO ORDERED**.

**DATED** this 21st day of May, 2013.

MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA